UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSE GENAO
Petitioner,

v.

UNTIED STATES OF AMERICA
Respondent.

CRIM NO: 99-105L
~~CASE NO~~:
~~CIVIL NO:~~
~~JUDGE~~ :

______________________________/

**MOTION UNDER RULE 60 (b)(6) REQUESTING PETITIONER REVIEW OF SENTENCE DUE TO CONSTITUTIONAL DEPRIVATION OF RIGHTS DURING TRIAL,APPEAL AND POST CONVICTION CERTIFICATE OF APPELLABILITY REQUEST 28 U.S.C §2253 (C).**

As a matter of introduction, petitioner respectfully submits that the events which transpired in the instant case constitute a denial of Petitioner's Due Process Rights, as guaranteed by the 5th and the 14th Amendments of the United States Constitution, and his right to effective assistance of counsel as guaranteed by the 6th Amendment. In short, the petitioner submits that this conviction in the instant case should be vacate due to the failure of counsel to provide with effective representation. In the alternative the petitioner ask for a new sentencing proceeding so that he may properly challenge erroneous information contained in his PSI and his sentence. Further such failing are no merely procedural but substantially infringed upon Petitioner's Constitutional Right to Due Process of Law.

## STATEMENT OF THE CASE

On June 2, 2004, and order of this court J. Lagueux, was entered dismissing petitioner habeas corpus petition. On July 20, 2004, the petitioner filed a Notice of Appeal. Pursuant 28 U.S.C §2253. The petitioner requested the court to granted the certificate of appellability with respect to fourt different issues that shows a denial of petitioner constitutional rights.

The petitioner also claim to the District court the facts that previous criminal case was consider at state level the petitioner claimed that his sentence was illegal and that the enhancement of his sentence due to prior state narcotics rather than federal narcotics conviction, was illegal even thought his claim was barred (see attach case of Little v. U.S).

Early 2006 petitioner request for a certificate to the court of appeal was denied, documents and petitioner files was also denied in order to prepared any writ, those denials precluded petitioner from the court and denial petitioner his due process.

Petitioner asserts that he should be at least granted his certificate of appellavility pursuant to 28 U.S.C. § 2253 (c)(1)(B) because he has mede a substantial showing of of the denial of a Constitutional Right with respect to these issues. 28 U.S.C § 2253. The petitioner would like to present this Rule 60(b)(6) to the Honorable Court and seeking to obtain at least a review of his case due to the severity of his sentence and the violation of his contitutional right.

## STATEMENT OF ISSUE UNDER CONSIDERATION

The petitioner respuectuflly request that this court adjudicate the following issues of law, to with.

1. THE PETITIONER COUNSEL WAS INEFFECTIVE, COUNSEL'S ERRORS RESULTS' IN THE ENHANCEMENTE OF PETITIONER SENTENTENCE

2. THE COUNSEL FAILURE TO OBJECT TO THE IMPROPER APPLICATION OF THE SENTENCING GUIDELINES AMOUNTED TO INEFFECTIVE ASSISTANCE OF COUNSELOR.

   a). The petitioner request the court to allowed to file a 28 U.S.C. § 2255 § 2244 (b)(2)(3). in reference to the case United States v. Booker, United States v. Fanfan,160 LED 2d (January 12,05) United States v. Dodd and United States v. Little.

**1). PETITIONER COUNSEL WAS INEFFECTIVE, COUNSEL'S ERROR RESULTS IN THE ENHANCEMENT OF PETITIONER SENTENCE.**

---

It is the petitioner's contention that counsel wa ineffective for failing to object to charges where petitioner unaware agree to plea guilty to. This failure resulted in a injury, sertaily this are constitutional depravation to the petitioner.

To determine whether counsel has fallen below the minimun standard needed for effective assistance of counsel unde the **Sith Amendment of the Constitution,** a two (2) prong test must be met. In the case of **Strickland v. Washington**,. The Supreme Court decided that a determination of ineffective assistace of counsel would be conditioned on two factors both of which must met:

> **1). The Counsel's preformance must have fallen below an objective standard of reasonableness (p 688)**
>
> **2). There is a rasonable probability that but for the counsel's errors the results of the proceedings would probably have been different. (p 694 )**

The Sixth Amendment of the United States constitution guarantees the right to effective assistance of counsel in a criminal prosecutions. See **Mc Mann v. Richarson**, 387 U.S 749 (1970); **Cuyler v. Sullivan** 446 U.S 335 (1980). **Morrison v. Duckworth**, 889 F 2d, 1298 (7th Cir 90).

**Shaddy v. Clark**, 890 F. 2d, 1016 (8th Cir. 1989) (Percurian).

Petitioner is requesting his right to effective assistance of counselor. In the case of **Peerler v. Hught Luce**, 909 SW 2d 494 (1995) the court decided an attorney malpractice action base upon negligence and that it required the present of elements as:

**1). The existance of duty**

**2). The brach of duty**

**3). That the brach was approximate cause of damage.**

In the petitioner's intant case all elements of **Strickland and Peerler v. Hught**, are present. In reviewing other cases such as **Dulver v. Mock**, 283 App. Civ. 1008, 145 NY Snd. 533 (1995) Modified 1 NY 2d 54, 150 NY S. 2d 180 133 N. 2d (1995) (Negligence, reach of implid contreat an contructive fraud). When attorney's conduct, breaches the fiduciary obligations to his client relief may also provide in action for constructive fraud. Looking at the case of **Trade & General Insurance Co. v. Keith**, 107 SW 2d 710 (Tex. Civ. App. 1937). Contructive Fraud repose exclusively in fiduciary obligation. **Wiseman v. Batchlor**, 313 Arr. 85. 864 SW 2d 248 (1993). **McDouthitt v. Guardian Life Insurance Co. of America**, 235 KY 328.

Simply is the characterization of the defense attorney existance of duty, **Raton v. Morse**, 212 Mont 233, 687 P.2d 138 (1984). Also the case **Gromer v. Hahm**, 97 I 11. App 2d 276, 240 Ne. 2d 138.

Petitioner was denied effective assistance of counsel in violation of the sixth Amendment. See U.S.C.A. Const Amend V1; **United States v. Cronic, 466 U.S. 648, 652, 104 S.Ct 2039, 80 L.Ed. 2d 657(1984)** ("Of all the rights that an accused person has the right to be represented by counsel is by far the most pervasive for it affects his ability to assert any other rights he may have.") (Internal quotation marks and citation ommitted); **McMann v. Richardson**, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 1449, 25 L.Ed. 2d 763 (1970) (recognizing that the right to counsel is the right to effective assistance of counsel"); **Anders v. California**, 386 U.S. 738 743, 87 S.Ct. 1396, 1399 18 L.Ed. 2d 493 (1967) (holding that the Sixth Amendment requires that accused have "counsel acting in the role of advocate") **Strickland v. Washington, 466 U.S. 668 (1984).** In the instant case trial counsel failed to challenge the admissibility of defendant's alleged confession in the motion to suppress, failed to maek an opening statement at trial failed to present any witnesses at tria, and failed to vigorously cross examine the fovernment's witnesses in violation of the defendant's Sixth Amendment rights.

The petitioner Fifth Amendment privilege against Self Incrimination was violated. The petitioner's statements made prior to Miranda Warnings and after the Miranda Warnings should be Suppressed. Voluntariness must be examined in lignt of the totaliry of the circumstances **United States v. Vega Figueroa,** 234 F.3d 744, 749 (1st Cir. 2000). Under these circumstances the statement of petitioner was not voluntary but coerced.

## 2. THE COUNSEL FAILURE TO OBJECT TO THE IMPROPER APPLICATION OF THE SENTENCING GUIDELINE AMOUNTED TO INEFFECTIVE ASSISTANCE OF COUNSELOR

The petitioner consider that is proper to argue the fact that he suffered ineffective assistance of counsel by the appointed defense counsel and bye the appeal counsel

The use of state cases and misdesmeanor to provide the predicate felonies to enhance petitioner under a career crinial sentencing provision of the United States sentencing guidelines, to seek a mayor sentence is a violation of the fifith amendment "due process" the petitioner request the court to review the application of the sentencing guidelines and the case of **United States v. Little,** (see attach). The petitioner was sentence in the maximun criminal history because the ineffective assistance of counsel that he suffer and state prior criminal cases. The effect of this improper classification resulted in petitoner given setnenign range with total offense level in violation of the sentencing guidelines. The petitoner ask the Honorable court to review his case.

The enhancement raise petitoner points and the failure of defense counsel at sentencing and the similar failure of appeal counsel to raise this issues as well to opossed the sentencing court's decision to increase petitioner sentense base on a state conviction amounted a legal error, the failure and many other mistakes of defense counselor is in violation of petitioner Sixth Amendment constitutional right. To such, see. **Strickland v. Washington,** 466 U.S. 668 (1994) **Carey v. Henderson** 788 F. Supp 683, 689.

The court never anser the previous 28 U.S.C 2255 civil case no. 03-46 IL. Petitoner claimed the correction of his sentence due to ineffective assistance of counsel since the two states' prior conviction that were used to enhance the petitioner for enhancement purposes for the carrer crinial was a result of unconstitutionally illegallly obtained conviction, which made the fedral sentence enhancement invalid.

This instant offense conviction must be vacated due to the fact that petitioner has already been charge fot eh same crime. this constitutional violation ripe to correct miscarriage of justice as of this instance. The argument here is taht defendant was convicted of at least two prior state cases in the stae of Rhode Island, which was obtained illegally, which affected his federal right and case, that nown enhance the defendant's instant case to career criminal, the reason benin that this two convictions are significant in that the complex of the federal sentence would be different.

The petitoner ask the court to grant and evidentiary heraing to prove his factual allegation in this case. See **Von Molte v. Gillies,** 332 U.S 708, 721 (1948). **United States v. Gordin,** 1998 WL 647149 (2nd Cri 1998) **United States v. Thompson,** 917 F. Supp. 22 (DCDC 1996) (awarding three points for acceptance of responsibility for failure to advise the defendant of career offender guidelines) **Deluca v. Lord** 77 F. 3d. 587, 588 (2nd Cir 1996).

**a). The petitioner request the court to allowed to file a 28 U.S.C. § 2255 § 2244 (b)(2)(3) in referance to the case United states v. Booker/Fanfan 160 LED 2d (January 12, 2005) Untied States v. Dodd and United States v. Little.**

The petitioner moves to this Honorable Court for a fair trail by the force and treat to face additional punishment for having a jury trial bye act of TREASON, with the Supreme Court radmission in **Booker/Fanfan and other inmediate cases** it's clear that the federal judiciary acted to aid and abed treason on with the executive branch to government agiant petitioner.

The constititution and all 50 Stqates governing under United States Constitution Art 1V § 2 cl. As Art. 1 §8 cl 3. Did not and never grant fedeal police state jurisdiction to Washington D.C to invade upon on withing any or the 50 states jurisdictions as prohibitee by Article 1V § 3 cl. 1. Treason by these court and fedral regime against amendments 1, 4, 5, 6, 11, to denia fair trials, due process, juries and all civil rights and expand reasonable jurisdiction against the judicial executive oaths of office within **Art. 1, 6 and ament 1, 14.** , warrants a full court hearins in a 28 U.S.C. § 2255 Motion to set asice conviction and adjustment in light of **Booker/Fanfan.**

It is never in the best interest to commit TREASON against the United States of America which is **The Constitution, its peoples and the 50 states.**

The overwhelming appearence of judicial corruption calls into question the integrity of the entire federal judiciary and smacks of rank corruption. The petitioner is askin this court to gran him the opportunity to prepared a **28 U.S.C § 2255** to deal with the matters and to avoid future denial of writ of Habeas Corpus under **Art. § 9 cl. 2** and is treason amockery of the supreme law of the land.

Petitioner would like the opportunity to present a 28 U.S.C § 2255 adn becasude of the potential that the supreme court may eventualy make a retroactive application fo the **Booker decision** this pleading come to the court bar and compliance with the reasoning of the Booker/Fanfan and United States v. Dodd concerning to the conatrainst and the opportunity to prepare a §2255. In the other hand the petitioner case have many diferent issues of contitutional aspects and significan violation of petitioner constitutional rights by the ineffectiveness of his counsel during trial and sententence. The petitioner is asking the court to honor this Rule 60 (b) (6) motion in order to consider that his sentence must be corrected becasie is in ecess od the authorized for the offence.

**WHEREFORE,** petitioner prays that this motion will be take in consideration and provide protection for procedural bar in order to vacate bouth the sentence and the conviction.

Date: Ayer Massachusetts
May 6, 2006

Resprectfully Submitted.

Jose Genao.

# PROOF OF SERVICE

I, JOSE GENAO, certify that on MAY 6, 2006 I mailed a copy of this document and all attachments via First Class mail to the following parties at the addresses listed below:

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND.

DISTRICT ATTORNEY FOR THE
DISTRICT OF RHODE ISLAND

# PROOF OF SERVICE FOR INCARCERATED LITIGANTS

In addition to the above Proof of service, all litigants who are currently incarcerated should include the following statement with all documents to be filed with the court:

I certify that this document was given to officials[1] on this date for forwarding to the United States District Court for the District of RHODE ISLAND. I further certify under penalty of perjury that the forgoing is true and correct. Title 28 U.S.C. § 1746.

Respectfully submitted this 6 day of MAY, 2006.

Jose Genao
Name: 04771-070
JOSE GENAO
Number: Jose Genao
FMC Devens, Unit GB
P.O. Box 879
Ayer, Massachusetts 01432

1 Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to prison authorities for forwarding to clerk. Houston v Lack. 487 U.S. 266 (1988).