Attachments

**C Little v. U.S.**
**Not Reported in F.Supp.2d, 2002 WL 1424581**
**D.Mass.,2002.**
**Jul 01, 2002**
2002 WL 1424581 (D.Mass.)

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Massachusetts.
Richard T. **LITTLE**
v.
UNITED STATES of America
No. CIV.A. 01-40077RWZ.
July 1, 2002.

Petitioner sought writ of habeas corpus on basis that his sentence was illegal. The District Court, Zobel, J., held that savings clause permitted review of challenge by petitioner, that enhancement of his sentence due to prior state narcotics conviction, rather than federal narcotics conviction, was illegal, even though his claim was otherwise barred.
Petition granted.

West Headnotes

KeyCite this headnote

197 Habeas Corpus
197I In General
197I(C) Existence and Exhaustion of Other Remedies
197k285 Post-Conviction Motions or Proceedings
197k285.1 k. In General. Most Cited Cases

Savings clause permitted review of challenge by habeas petitioner, that enhancement of his sentence due to prior state narcotics conviction, rather than federal narcotics conviction, was illegal; even though petitioner's claim was otherwise barred because petitioner commenced his proceeding for post-conviction relief more than two years after his sentence became final, petitioner's circumstances were extraordinary and review was demanded by justice since government admitted that petitioner's claim had merit and both government and defense counsel at sentencing arguably misinterpreted enhancement statute. Comprehensive Drug Abuse Prevention and Control Act of 1970, §§ 403(b), (d)(1), 411, 21 U.S.C.A. §§ 843(b), (d)(1), 851; 28 U.S.C.A. §§ 2241, 2255.

MEMORANDUM OF DECISION

ZOBEL, D.J.
***1** On December 10, 1997, petitioner was indicted in the United States District Court for the District of Colorado on charges of possession with intent to distribute 10 grams or more of methamphetamine, in violation of 21

U.S.C. § 841(a)(1), which carried a mandatory prison term of five to forty years. He subsequently pled guilty to the lesser charge of using a communications facility in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 843(b). This crime carried a maximum prison term of four years, except if the defendant had "one or more prior convictions of him for violation of this section, or for a felony under any other provision of this subchapter or subchapter II of this chapter [FN1] or other law of the United States relating to narcotic drugs...," in which case it carried an enhanced maximum term of eight years. 21 U.S.C. § 843(d)(1). As part of his plea agreement, pursuant to 21 U.S.C. § 851, petitioner affirmed the fact that he had been convicted in the State of Iowa for a narcotics offense. On May 13, 1998, based on this prior state conviction, petitioner was sentenced to the maximum enhanced term of eight years under 21 U.S.C. § 843(b) and (d).

FN1. 21 U.S.C. § 843(d)(1) has since been amended and the phrase "this subchapter or subchapter II of this chapter" has been replaced with "this title or title III." The statutory notes indicate that these phrases refer back to the same sections, however, so that the amendment has no substantive effect on the meaning of the statute.

Petitioner conducted legal research while in prison and concluded that only *federal* narcotics convictions may be used as the basis for an enhanced sentence under 21 U.S.C. § 843(b) and (d), and that, therefore, his sentence had been improperly enhanced based upon the prior state narcotics conviction. On January 13, 2001, in light of this new information, he moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Because petitioner commenced that proceeding more than two years after his sentence became final, the sentencing court denied the petition on April 18, 2001, as time-barred. Thereafter, petitioner brought this petition pursuant to 28 U.S.C. § 2241, requesting a writ of habeas corpus on the grounds that his sentence was imposed improperly since it was based on a prior state conviction.

The argument is essentially this: § 843(d)(1) provides for an enhanced sentence for defendants with a prior conviction "for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of the United States." A parallel statute, 21 U.S.C. § 841, included identical language until it was amended in 1984. That year, the language of § 841 was broadened to apply to defendants with a prior conviction "of a felony ... under other law of a State, the United States, or a foreign country," and later to apply to all defendants with "a prior conviction for a felony drug offense." Case law clearly establishes that, under the original wording of § 841, which still governs § 843(d)(1), the government was required to prove that the defendant has a prior *federal* narcotics conviction in order to enhance his sentence. *United States v. Beasley,* 12 F.3d 280, 284 (1st Cir.1993) ( "[u]ntil Congress amended 21 U.S.C. § 841(b) specifically to allow sentence enhancements based on prior state law drug convictions, courts held that the statute did not apply to those state drug convictions"). Petitioner argues that this reading should apply with equal force to bar sentence enhancements based on prior state drug convictions under § 843(d)(1).

***2** Importantly, the government agrees with petitioner's interpretation of § 843(b) and (d) as only permitting enhanced sentences based on federal convictions. In its response, it calls petitioner's argument "compelling" and "very persuasive," and even references a supporting case in which a sentence enhanced under the same statutory language, based on prior state convictions, was deemed illegal. *United States v. Lampkins,* 807 F.2d 1075, 1081-1083 (D.C.Cir.1986). Yet, the government opposes the petition on the ground that this custodial court does not have the authority to review challenges to the validity (as opposed to the execution) of petitioner's sentence.

It is true that a custodial court's authority under § 2241 is typically limited to challenges regarding the execution of a sentence. However, the "savings clause" of § 2255 allows a prisoner to challenge the validity of his sentence under § 2241 when § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255; *United States v. Barrett,* 178 F.3d 34, 49-50 (1st Cir.1999).

Thus, the issue is whether § 2255 was "inadequate or ineffective" as a means of challenging the validity of his enhanced sentence. The First Circuit has offered no clear standard as to when this prerequisite is satisfied, except to say that § 2255 is not "inadequate or ineffective" merely because a prisoner's petition is procedurally barred under that statute; such a reading would undermine the gate-keeping limitations of § 2255. *Barrett,* 178 F.3d at 50. Thus, something more than a procedural bar is required to show that petitioner's remedy under § 2255 is inadequate. But what more is needed?

Given the First Circuit's silence on the matter, this court looks to the decisions of other circuits for guidance in determining what circumstances render § 2255 inadequate or ineffective. *Calvache v. Benov,* 183 F.Supp.2d 124 (D.Mass.2001). A number of circuits have developed precise guidelines as to when the "savings clause" of § 2255 applies, although these guidelines vary greatly. Some circuits permit § 2241 challenges to validity under the savings clause whenever they serve the interests of justice. *See, e.g., Triestman v. United States,* 124 F.3d 361, 377-378 (2d Cir.1997) (holding that the savings clause applies in "cases in which the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional concerns," or else "in those extraordinary circumstances where justice demands it"); *In re Dosainvil,* 119 F.3d 245, 251 (3d Cir.1997) (savings clause applies in the "unusual circumstance" where denial of a further petition would result in a "complete miscarriage of justice"). Other circuits require some intervening change in law affecting the validity of the petitioner's sentence. *See, e.g., **Brooks v. United States,*** 2002 U.S.App. LEXIS 5162 (6th Cir. March 21, 2002) (under the holding in *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999), a petitioner seeking redress under the savings clause may "cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crime"); *In re Jones,* 226 F.3d 328, 333-334 (4th Cir.2000) (petitioner may challenge validity of his sentence under the savings clause when, "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal"). Still others require a Supreme Court decision signifying a change in constitutional law which applies retroactively to petitioner's crime. *See, e.g., Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir.2001) (establishing a strict rule that the savings clause only applies to claims which (1) are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," and (2) were "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); *Wofford v. Scott,* 177 F.3d 1236, 1244 (11th Cir.1999) (applying the same guidelines enumerated in ***Reyes-Requena*** ); *In re Davenport,* 147 F.3d 605, 610-612 (7th Cir.1998) (the savings clause applies where there is "newly discovered evidence of innocence or a new and retroactive rule of constitutional law," made explicitly retroactive by the Supreme Court).

***3** Here, while there has been no intervening change in statutory law or Supreme Court case affecting the legality of petitioner's sentence, there has been a fundamental change in the government's position regarding statutory construction. At sentencing, the government maintained that petitioner's prior state conviction was sufficient to support an enhanced sentence under § 843(d)(1). Now, the government credits petitioner's argument that 21 U.S.C. § 843(b) and (d) only permit enhanced sentencing for defendants with prior *federal* narcotics convictions, and that the sentencing court's decision to increase petitioner's sentence to eight years based on a state conviction amounted to legal error. Thus, all parties appear to agree that petitioner is "actually innocent" of having any prior convictions which support an enhanced sentence. [FN2] In light of this change in the government's position, allowing the illegal sentence to stand would represent a grave miscarriage of justice. This court is persuaded by those circuits which hold that the savings clause permits review of a petitioner's challenge, which is otherwise barred under § 2255, "in those extraordinary circumstances where justice demands it." *Triestman,* 124 F.3d at 377-378. Certainly, given the illegality of the petitioner's enhanced sentence, justice demands further collateral review here.

FN2. A majority of courts, including courts in this circuit, have emphasized actual innocence as a prerequisite to relief under the savings clause. *See Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (permitting collateral review where the petitioner "is actually innocent," and defining "actual innocence" as "factual innocence, not mere legal insufficiency); ***United States v. Franco-Montoya,*** 2001 U.S. Dist. LEXIS 7744 (D. Me. June 8, 2001).

Here, because petitioner's enhancement was not based on a second criminal offense for which he could be guilty or innocent, but rather on an information affirming the mere *fact* that he had a prior state conviction, an inquiry into his actual innocence seems, at first, unsuitable. Yet, such an inquiry is appropriate, as petitioner's challenge is tantamount to a claim that he is "actually innocent" of the fact of having prior federal

convictions within the meaning of § 843(b) and (d).

Numerous circuits have extended the definition of "actual innocence" in the context of § 2255 petitions to

include cases in which the petitioner is not actually innocent of the crime for which he was convicted, but is innocent of some fact used to enhanced his sentence. *See United States v. Maybeck,* 23 F.3d 888, 892-894 (4th Cir.1994) (collecting cases and holding that collateral review based on "actual innocence" is available to prisoners who are wrongly sentenced as habitual offenders and wish to attack only the enhanced portion of their sentence); *Mills v. Jordan,* 979 F.2d 1273, 1278-1279 (7th Cir.1992) (actual innocence "of being a habitual offender" is sufficient to permit collateral review of a sentence enhancement based on habitual offender status); *see also Mobley v. United States,* 974 F.Supp. 553, 556-557 (E.D.Va.1997) (petitioner's procedural default excused and collateral review of enhanced sentence allowed where he was actually innocent of the crimes which established him as a career offender).

This district has recognized the same logic as applying to "actual innocence" under the savings clause. *Gonzalez v. United States,* 135 F.Supp.2d 112, 121-122 (D.Mass.2001) (noting that any distinction between innocence of the underlying crime and innocence of the crimes used to enhance a sentence is unavailing, because "[i]n both instances, a

petitioner is being held in contravention of the laws of the United States. In one scenario, the petitioner is imprisoned for conduct for which she is innocent; in the other scenario, she is imprisoned *longer* because of conduct of which she is innocent. In either event, her liberty is stripped.").

Finally, the government asserts that § 2255 was not "inadequate or ineffective" because petitioner's argument analogizing § 843(d)(1) and § 841 could have been successfully raised in a § 2255 petition, as there has been no change in the law with respect to the interpretation of 843(d) since well before petitioner's conviction. Yet, in this case, petitioner's failure to identify and raise this legal argument in a timely § 2255 petition is mitigated by the fact that, at sentencing, both the government and the petitioner's attorney apparently misinterpreted § 843(d)(1), demonstrating its extreme complexity. In a parallel case cited by the government, another defendant received an illegally enhanced sentence under the same statutory language because "the probation department, prosecutor, defense attorney and judge were all apparently unaware of the language distinguishing federal and state convictions for purposes of sentencing enhancement;" the enhancement was deemed illegal and the defendant was resentenced. *Lampkins,* 807 F.2d at 1081-1083. So while this court recognizes the general rule that legal arguments not raised on appeal are not available for further collateral review, the specific facts of this case--including the collective misinter-pretation of the statute by both the petitioner's attorney and the government, the late discovery of the correct statutory interpretation by the petitioner, and the subsequent acceptance of that interpretation by the government--weigh strongly in favor of excusing the petitioner's procedural default, as permitted under the savings clause, in order to prevent a "complete miscarriage of justice." *In re Dosainvil,* 119 F.3d at 251.

***4** Accordingly, the petition for relief pursuant to § 2241 is hereby granted. A hearing is scheduled in this court on July 11, 2002, at 2:30 p.m. for resentencing.

D.Mass.,2002.

**Little** v. U.S.

2002 WL 1424581 (D.Mass.)

**Motions, Pleadings and Filings (Back to top)**

- 4:01CV40077 (Docket) (Apr. 30, 2001)

END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

© 2005 West | Accessibility Information

THOMSON WEST