IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 99-105L |
| | ) | |
| JOSE GENAO | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR RELIEF OF JUDGMENT DENYING PETITIONER'S INITIAL §2255 PURSUANT TO RULE 60(b)(6), FEDERAL RULE OF CIVIL PROCEDURE**

The petitioner, Jose Genao (Genao or Petitioner), files this motion, pursuant to Fed. R. Civ. P. 60(b), presumably to vacate the Court's Order entered on June 2, 2004 denying his motion filed pursuant to 28 U.S.C. § 2255. Genao suggests the Court failed to address his original § 2255, and reiterates several of the claims raised in his original § 2255. Additionally, Genao asks the Court to vacate his sentence of 262 months imprisonment pursuant to the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005).

I. PROCEDURAL BACKGROUND

On August 31, 2000, this Court sentenced petitioner to 262 months of imprisonment for his conviction for possession with intent to distribute heroin, possession of ammunition by a convicted felon and possession of a firearm by a convicted felon. Judgment was entered on September 5, 2000. Petitioner appealed to the United States Court of Appeals for the First Circuit. His appeal was denied on February 27, 2000. Petitioner filed a petition for a writ of certiorari with the United States Supreme Court.

His petition before the Supreme Court was denied on October 7, 2002. Petitioner filed his original petition with this Court, pursuant to 28 U.S.C. § 2255, on October 6, 2003 (the "original petition") within one year of the denial of his petition for writ of certiorari by the Supreme Court. Petitioner then filed a motion to supplement the original petition on March 15, 2004. This Court denied both the original petition as well as the motion to supplement in a Court Order on June 2, 2004. Petitioner has now filed the instant motion with this Court on May 11, 2006. The motion sets forth no new claims but reiterates several of the claims contained in the original § 2255 petition as well as the motion to supplement. In addition, Genao now asserts his sentence should be vacated pursuant to Booker.

II. ARGUMENT

Genao's motion must be treated as a successive petition pursuant to § 2255. See Munoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003) (when a motion under Rule 60(b) directly challenges constitutional issues of a habeas petitioner's underlying conviction it should be treated as a successive § 2255). Thus, merely because he captioned his petition pursuant to Rule 60(b)(6) does not obviate Genao's need to obtain permission from the First Circuit to file a successive § 2255. He has failed to do so.

Genao raises five claims of ineffective assistance of counsel, a Fifth Amendment violation of protection against self-incrimination, a double jeopardy claim based on a state case where he was allegedly charged with the same crime, and a claim that the sentence be vacated or adjusted due to the Supreme Court ruling in Booker.

The claims made by Genao of ineffective assistance of counsel as well as the self-incrimination claim and the double jeopardy claim were all raised in the original petition

on October 6, 2003, see C.A. No. 03-461, and were denied and dismissed for those reasons stated in the Court's Order, parts II B and C (attached at A). This successive § 2255 reiterates those claims, and should be denied due to, among other reasons, lack of jurisdiction for a successive petition and being barred by the statute of limitations. 28 U.S.C. § 2255. Genao has also failed to obtain an order from the Circuit Court authorizing the District Court to consider his petition, as required under 28 U.S.C. § 2244(b)(3)(A).

To the extent that Genao asserts that his motion should be granted due to the ruling in Booker, his argument is also meritless. The relevant part of § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. The First Circuit held in Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005), that the Supreme Court's decision in Booker does not apply retroactively on collateral review. Therefore, Genao's successive § 2255 does not assert a new rule of constitutional law made retroactive to his case. His petition is meritless.

Because Genao posits no new claims in his successive § 2255, the government will not address them here. If however, the Court wishes to be briefed on the repetitive claims nonetheless, the government will file a supplement to this response.

## III. CONCLUSION

Because this is obviously a successive § 2255 veiled as a new motion, because the motion addresses several identical claims raised in his original petition, because Petitioner did not obtain an order from the Circuit Court authorizing this successive petition, and because Booker does not apply retroactively to his case; this Court, in the exercise of its discretion, should dismiss the petition.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Stephanie S. Browne
STEPHANIE S. BROWNE
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st of June 2006, I served a copy of the within Government's Response to rule 60 Motion, by mailing same, postage prepaid, to:

Jose Genao
Reg. # 04771-070
FMC Devens, Unit GB
PO Box 879
Ayer, MA 01432

Paula Hossey